UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CRAIG PELLIS,

        Plaintiff,                      **COMPLAINT**

    -against-

                                      Plaintiff Demands a Jury Trial

VINCENT R. RUSSO,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of Defendant, alleges as follows, upon information and belief:

### THE PARTIES

    1.  That at all times herein mentioned, Plaintiff was and is a United States citizen and a resident of the Village of Mt. Kisco, in the County of Westchester, State of New York.

    2.  That at all times herein mentioned, Defendant Vincent R. Russo (hereinafter "Russo") was a police officer employed by the Westchester County Police Department, also known as the Westchester County Department of Public Safety (hereinafter "WCDPS"), a municipal law enforcement agency.

    3.  That at all times herein mentioned, Russo was acting within the course and scope of his employment with the WCDPS.

    4.  That at all times herein mentioned, Russo was acting under color of state

### JURISDICTION and VENUE

    5.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

6. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiffs' civil rights, including rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

7. That venue is proper in this district as the parties reside in the Southern District of New York and the causes of action herein accrued in the Southern District of New York.

## THE FACTS

8. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

9. That on June 23, 2023, at approximately 7:30 a.m., Plaintiff's wife dialed 911 to report that Plaintiff apparently was having a seizure and was non-responsive inside the couple's apartment at 25 Barker Street, Mt. Kisco, New York.

10. That in response to the 911 call, Russo responded to Plaintiff's apartment, together with his partner, Westchester County Police Officer Michael Mignone (hereinafter "Mignone"), as well as several EMS personnel.

11. That upon their arrival at Plaintiff's apartment, the responders were able to arouse Plaintiff to consciousness, whereupon Plaintiff exhibited signs of confusion, disorientation, and agitation.

12. That in response to Plaintiff's agitation, Russo placed Plaintiff in metal handcuffs.

13. That the manner in which Russo handcuffed Plaintiff was contrary to good and accepted police practice, and contrary to regulations adopted and in effect at the time by the WCDPS.

14. That among the violations of good and accepted police practice, and WCDPS regulations regarding the handcuffing of individuals under these circumstances, Russo: a) rear-cuffed Plaintiff, as opposed to cuffing him in the front; b) applied the handcuffs too tightly; 3) failed to double-lock the handcuffs, a procedure that prevents the handcuffs from tightening further if the individual struggles or if the individual's hands are caused to move significantly; and 4) caused and/or allowed Plaintiff to be forced down in a supine position while tightly cuffed in the rear, causing the handcuffs to dig into Plaintiff's wrists.

15. That in response to being handcuffed in the aforementioned manner, Plaintiff repeatedly screamed out in severe pain.

16. That in response to Plaintiff being handcuffed in the above manner, and in further response to Plaintiff's screams, Officer Mignone told Russo to remove the handcuffs from Plaintiff.

17. That for a period of several minutes, Russo deliberately and intentionally ignored Mignone's directive, failed and refused to remove Plaintiff's handcuffs, and failed to take any other steps to alleviate Plaintiff's pain, such as transferring the handcuffs to the front.

18. That as a consequence of Russo's actions, Plaintiff continued to remain in a supine position, first in a chair, then on the floor, and then on a stretcher, with the handcuffs still behind his back cutting into his wrists, causing Plaintiff to experience additional severe pain.

19. That after several minutes of Plaintiff screaming out in pain, Russo finally removed the handcuffs; however, by that time, the damage had already been done, and the cuffs had severely cut into both of Plaintiff's wrists.

20. That by virtue of the foregoing, Plaintiff sustained severe physical and emotional injuries, including but not limited to nerve and other damage to both wrists; was

limited in his ability to perform his duties as a chef in connection with the catering service that he owned and operated; was caused to endure and will continue to endure pain and suffering and loss of enjoyment of life; suffered and will continue to suffer pecuniary loss; and was otherwise damaged.

21. That the actions of Russo were intentional and malicious in nature.

22. That subsequent to the events alleged herein, Russo pled guilty and was formally reprimanded by the Westchester Department of Public Safety in connection with the manner in which he handled Plaintiff, including his forcing Plaintiff into a supine position while rear-cuffed, and failing to respond appropriately to Plaintiff's resulting screams of pain.

### FIRST CAUSE OF ACTION
(42 U.S.C. § 1983: Excessive Force in Violation of Fourth and Fourteenth Amendments to the U.S. Constitution)

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That the aforesaid actions by Russo constituted the use of excessive force, an unreasonable seizure, an arbitrary and capricious abuse of authority, and a violation of Plaintiff's bodily integrity, all in violation of rights guaranteed to Plaintiff under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle Plaintiff to recover damages from Defendant under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
(42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Needs)

25. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

26. That the aforesaid actions by Russo constituted a deliberate indifference to Plaintiff's serious medical needs, in violation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the U.S. Constitution, and entitle Plaintiff to recover damages from Defendant under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendant on the foregoing causes of action in the form of compensatory damages and punitive damages, the amounts of which will be determined by a jury, together with attorneys' fees pursuant to 42 U.S.C. § 1988, and the costs and disbursements of this action.

Dated: New York, New York
       May 5, 2025

> Yours, etc.
> Sivin, Miler & Roche, LLP
>
> By s/ *David Roche*
> David Roche
> Attorneys for Plaintiff
> 20 Vesey St., Suite 1400
> New York, NY  10007
> (212) 349-0300